IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| GERALD JAMES FRALICK,<br><br>Plaintiff,<br><br>v.<br><br>HENRY DAY FORD,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO COMPEL (ECF No. 27)**<br><br>Case No.  2:12-cv-1210-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Henry Day Ford ("HDF") filed this Motion to Compel on November 6, 2013. (ECF No. 27.) HDF asks this Court to compel Plaintiff Gerald Fralick to supplement his responses to certain Interrogatories and Requests for Production. The Court[1] has carefully considered the Motion and Memoranda submitted for and against HDF's Motion and GRANTS the Motion.[2]

**Interrogatory No. 5**

Interrogatory number five, in part, asked Mr. Fralick to "[s]tate the nature of [his] disability or illness." (Mem. Supp., Ex. B at 9–10, ECF No. 27-2.) Mr. Fralick responded: "Multiple Sclerosis." (*Id.*) HDF argues this response is inadequate because it provides no "information regarding his specific diagnosis or the specific symptoms of that diagnosis." (Mem. Supp. 6, ECF No. 27.) The Court agrees. Mr. Fralick asserts causes of action under the

---

[1] On January 30, 2013, the parties consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 11.)

[2] The Court determined it could decide the Motion based on the briefing and does not need oral argument. *See* DUCivR 7-1(f).

Americans with Disabilities Act. Yet a diagnosis of multiple sclerosis alone does not constitute a disability. See *Sorensen v. Univ. of Utah Hosp.*, 194 F.3d 1084, 1086–89 (10th Cir. 1999) (finding plaintiff with multiple sclerosis did not qualify as having a disability under the ADA); *see accord* *Flaig v. Hi-Line Elec. Co.*, No. 3:06-CV-2090-P, 2007 WL 7708632, at *4 (N.D. Tex. July 30, 2007) (noting "[a] cancer diagnosis alone . . . does not constitute a requisite 'disability' within the meaning of the ADA"). Moreover, multiple sclerosis affects individuals in different ways. *See, e.g.*, *Sorensen*, 194 F.3d at 1085–86; 20 C.F.R. Part 404, Subpart P, Appendix 1, § 11.09A–C (recognizing three forms of multiple sclerosis). Thus, to answer the question "[s]tate the nature of [your] disability or illness," Mr. Fralick must do more than just identify his general diagnosis. This Court ORDERS Mr. Fralick to supplement his response to disclose how his multiple sclerosis manifests itself within fourteen days of this Order's entry.

**Interrogatory No. 10**

Interrogatory number ten asked Mr. Fralick to "[d]escribe the 'reasonable accommodations'" he referenced in his Complaint and to provide: "(a) The specific accommodations which Plaintiff requested of Defendant; (b) The date of each request; (c) How the request was made; (d) Defendant's actions in response to Plaintiff's request(s)." (Mem. Supp., Ex. B at 11–13, ECF No. 27-2.) Mr. Fralick responded with a narrative response to subpart (a) that identifies the accommodations Mr. Fralick sought as a reduction in hours and closer parking. (*Id.*) Mr. Fralick responded to subparts (b) through (d) as follows:

> (b) I made these requests immediately after the start of the new year in 2010, made them officially once per week, [to Jeremy Day] to no avail, up until I was fired on August 31, 2010.
> (c) Each request was made verbally. I didn't put them in writing because [Jeremy Day] told me that I could trust him.
> (d) The Defendant did nothing but escalate his attempts to make me quit.

(*Id.* (inserting Jeremy Day based on implication from response to (a)).) HDF argues Mr. Fralick's response remains incomplete because "[t]he specific information requested regarding the dates, methods, and HDF's response to the requests for accommodation were not addressed." (Mem. Supp. 7, ECF No. 27.)

The Court disagrees. Mr. Fralick's answers, although not particularly detailed, respond to each category of information HDF requested. Absent timely supplementation, Mr. Fralick is bound by his responses and cannot later introduce details he has not presently disclosed. *See* Fed. R. Civ. P. 37(c)(1).

### Interrogatory No. 20

Interrogatory number twenty asked Mr. Fralick to "[d]escribe in detail the intolerable working conditions" he experienced at HDF. (Mem. Supp., Ex. B at 21, ECF No. 27-2.) Mr. Fralick responded by referring HDF to his response to Interrogatory number ten. Mr. Fralick's Opposition Memorandum notes he also should have directed HDF to his response to Interrogatory number two, which relates to lay witness testimony Mr. Fralick may introduce at trial. (Opp'n Mem. 4, ECF No. 28.)

The Court finds Mr. Fralick's response to Interrogatory number twenty sufficient, although with the same caution that, absent timely supplementation, his response binds him. *See* Fed. R. Civ. P. 37(c)(1). The Court does, however, ORDER Mr. Fralick to amend his response to Interrogatory number twenty to include reference to his response to Interrogatory number two within fourteen days of this Order's entry.

### Request for Production No. 4

Request for Production ("RFP") number four asked Mr. Fralick to produce "[a]ny and all documents identified in Interrogatory No. 5." (Mem. Supp., Ex. B at 22, ECF No. 27-2.) That

Interrogatory asked Mr. Fralick about the "nature" of his disability and seeks "[a]ny written documentation evidencing [Mr. Fralick's] medical condition and treatment thereof." (*Id.* at 10.) Mr. Fralick responded to the Interrogatory that his medical providers had all documents. (*Id.*) Mr. Fralick responded to RFP number four that he has produced all documents in his possession, which based on his response to Interrogatory number five, apparently means medical documents, and may mean he produced no documents in response to this Interrogatory because he thought the medical providers had all the documents. (*Id.* at 10, 22.) In his Opposition to the Motion, Mr. Fralick asserts he had provided all documents in his possession, and HDF has apparently requested documents directly from Mr. Fralick's medical providers without objection. (Opp'n Mem. 7, [ECF No. 28](#).) HDF, however, argues that the request includes more than just medical records. Rather, the request includes "emails, notes, calendars of medical appointments, text messages, letters, bills from medical providers, educational literature regarding Fralick's diagnosis, and other written information . . . ." (Reply 3, [ECF No. 30](#).) The Court agrees. As written, the request does not limit documents sought to medical records from Mr. Fralick's medical providers. Accordingly, the Court ORDERS Mr. Fralick to search for and produce any additional responsive documents within fourteen days of this Order's entry.

### Requests for Production Nos. 5 & 7

RFP numbers five and seven requested documents related to disability benefits. RFP number five sought all documents identified in Mr. Fralick's response to Interrogatory number sixteen, which asked about any current or past disability benefits of any kind, including the dates of any such benefits and "[a]ny written documentation evidencing [Mr. Fralick]'s application for, receipt of, and/or termination of any disability benefit(s)." (Mem. Supp., Ex. B at 18, 22, [ECF No. 27-2](#).) RFP number seven similarly sought documents related to any "past or present

disability benefits (Social Security, long-term disability, etc.) applied for, received by, or terminated by [Mr. Fralick]." (*Id.* at 22.) In response to these requests Mr. Fralick produced two pages from the Social Security Administration. HDF finds this response deficient because Mr. Fralick would presumably have additional documents. (Mem. Supp. 10, ECF No. 27.)

      Mr. Fralick argues he has no additional responsive documents in his possession, stating he receives payments by direct deposit and left his applications with the Social Security Administration and disability insurer. (Opp'n Mem. 9, ECF No. 28.) However, additional responsive documents would appear to fall within Mr. Fralick's control as he can request copies of his files and applications from the Social Security Administration and the disability insurer. As Federal Rule of Civil Procedure 34(a)(1) requires the production of responsive documents in a party's possession, custody, or control, this Court requires Mr. Fralick to obtain documents over which he has control. The Court ORDERS Mr. Fralick to obtain copies of any responsive documents in his control, including any documents in the possession of the Social Security Administration and the disability insurer, and produce any such documents within fourteen days of this Order's entry.

### Request for Production No. 6

      RFP number six sought "all e-mails, memorandums, letters, notes in which [Mr. Fralick]'s work performance, disability, or illness is discussed." (Mem. Supp., Ex. B at 22, ECF No. 27-2.) Mr. Fralick responded that he produced all responsive documents. (*Id.*) HDF argues Mr. Fralick possesses additional responsive documents. Specifically, HDF notes Mr. Fralick's response to Interrogatory number two, which identifies e-mails and text messages Brent Arvaseth sent to Mr. Fralick about a certain meeting. (Mem. Supp. 10, ECF No. 27.) Mr. Fralick responded by providing the full text of the three text messages he states he has on his

phone from Mr. Arvaseth, none of which is responsive to the RFP number six according to him. (Opp'n Mem. 9–10, ECF No. 28.)

The Court shares HDF's concern that additional responsive documents may exist. One would expect a person in Mr. Fralick's position to have some communications regarding his work performance, disability, or illness. But apparently HDF has not received *any* e-mails, letters, or notes on any of these topics. (Mem. Supp. 10, ECF No. 27.) Accordingly, the Court orders Mr. Fralick to make an additional search for responsive documents, including on his phone, on his computer, and in his e-mail account(s) within fourteen days of this Order's entry. If after this search Mr. Fralick has located no additional documents, he must certify the search he made and the result. If he locates additional responsive documents, Mr. Fralick must produce them within fourteen days of this Order's entry.

**Attorney's Fees**

Federal Rule of Civil Procedure 37(a)(5)(A) provides that if the court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless an exceptions applies. The Court finds an award of attorney's fees appropriate here because Mr. Fralick's counsel refused to meet and confer about the subject of this discovery dispute thus forcing HDF to bring this Motion. Accordingly, the Court awards HDF its reasonable expenses incurred in bringing this Motion. HDF should submit documentation of its expenses to the Court.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Compel ([ECF No. 27](#)).  The Court ORDERS Mr. Fralick to supplement his discovery responses, as set forth above, within fourteen days of this Order's entry.

Dated this 12th day of March, 2014.

>> BY THE COURT:
>>
>> *[signature]*
>> Evelyn J. Furse
>> United States Magistrate Judge